# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE H. CLEMONS, | Case No.: 1:16-cv-00981 - JLT |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |
| v. | |
| NANCY A. BERRYHIL[1], Acting Commissioner of Social Security, | (Doc. 21) |
| Defendant. | |

Marianne Clemons seeks an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act. (Doc. 21) Defendant Nancy Berryhill, Acting Commissioner of Social Security, opposed the amount requested, asserting the amount requested is unreasonable. (Doc. 23)

For the reasons set forth below, the request for fees and costs is **GRANTED** in the modified amount of $2,530.90.

## I. Relevant Procedural History

Plaintiff initiated the action before this Court on July 8, 2016, seeking judicial review of the decision denying her application for benefits under the Social Security Act. (Doc. 1) After the administrative record was filed on December 12, 2016, the parties exchanged confidential letter briefs. (Docs. 12-15) The Commissioner agreed that the matter should be remanded for further proceedings,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

after which the Commissioner filed a stipulation for the remand on March 23, 2017. (Doc. 18) Accordingly, the Court ordered the matter remanded pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment in favor of Plaintiff. (Docs. 19, 20)

Following the entry of judgment, Plaintiff filed the motion for fees and costs under the Equal Access to Justice Act ("EAJA") on June 12, 2017. (Doc. 21) Defendant filed an opposition to the motion on July 28, 2017 (Doc. 23), to which Plaintiff filed a brief in rely on August 4, 2017 (Doc. 24).

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case. *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the Court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47. Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

**III.    Discussion and Analysis**

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party, because the parties stipulated to a remand for further proceedings, which was then ordered by the Court. (Docs. 18, 19) The Commissioner does not dispute Plaintiff's status as a prevailing party, but argues the fees requested are excessive. (Doc. 23 at 2-4)

The Commissioner argues that "fee request includes excessive, redundant, and unnecessary hours, and should be reduced." (Doc. 23 at 2, emphasis omitted) The Commissioner contends that Plaintiff "provides no authority to support her claim that approximately 16 hours of fees for a settlement letter was reasonable," and this is "nearly the same number of hours typically worked through the merits stage." (*Id.* at 3 [emphasis omitted], citing *Costa v. Comm'r of Soc. Sec.,* 690 F.3d 1132 (9th Cir. 2012)) As the Commissioner observes, the Ninth Circuit noted that "twenty to forty hours is the range most often requested and granted in social security cases." *Costa*, 690 F.3d at 1136.

**A.    Attorney Time**

The Commissioner asserts that Plaintiff should not be awarded fees for the time spent by her attorney, Harvey Sackett, to prepare a memorandum to the file and finalizing the settlement letter. (Doc. 23 at 3-4) Specifically, the "Itemization of Services Rendered" indicates Mr. Sacket spent 5.0 hours on January 18, 2017, during which he "[r]eviewed, summarized and annotated [the] administrative record re merit of commencing a civil action; dictated long memorandum to file (244 pages)." (Doc. 21-3 at 1) In addition, Mr. Sackett reports he spent 5.6 hours on January 25, 2017 to finalize Plaintiff's confidential letter brief for submission to the Office of General Counsel. (*Id.* at 1) The Commissioner asserts these entries are vague and argues, "it is also inherently dubious that someone would create a 244-page document in preparation for a settlement letter." (*Id.* at 4) Therefore, "the Commissioner requests that [the] Court reduce Plaintiff's hours from approximately sixteen hours to six hours for drafting a settlement letter." (*Id.* at 4)

In response, Plaintiff contends the entry dated January 28, 2017 in the "Itemization of Services Rendered" contained "an inadvertent error," and should have indicated Mr. Sackett "[r]eviewed,

3

summarized and annotated administrative record (244 pages) re merit of commencing a civil action; dictated long memorandum to file." (Doc. 24 at 2) Further, Plaintiff asserts that "[a]n itemization of time for 16.15 hours is well within the realm of reasonable for such cases." (*Id.* at 5, citing *e.g.*, *Stamper v. Colvin*, 2013 WL 6839691, at *2 (E.D. Cal. Dec. 23, 2013) (finding 51 hours a reasonable amount of time); *Boulanger v. Astrue*, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours a reasonable amount of time); *Watkins v. Astrue*, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours a reasonable amount of time); *Vallejo v. Astrue*, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours a reasonable amount of time)). Further, Plaintiff's counsel notes that the Ninth Circuit opined, "District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases." (*Id.*, quoting *Costa,* 690 F.3d at 1137).

Significantly, in each of the cases cited by Plaintiff, the action proceeded beyond the exchange of letter briefs. Thus, the tasks performed by counsel also included the preparation of additional documents, such as motions for summary judgment or opening briefs, and reply briefs. *See Stamper*, 2013 WL 6839691 at *1 (noting the matter was remanded by the court "following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant"); *Boulanger*, 2011 WL 4971890, at *1 (indicating the plaintiff filed a motion for summary judgment and the defendant filed a cross-motion, after the matter was remanded for further proceedings); *Watkins v. Astrue*, 2011 WL 4889190, at *2 (noting plaintiff "secured a remand despite defendant's cross-motion for summary judgment"); *Vallejo*, 2011 WL 4383636, at *1, 4 (noting the plaintiff prevailed on a motion for summary judgment, and counsel spent 17.4 hours to draft a reply brief). Because the matter now before the Court did not proceed beyond the exchange of confidential letter briefs, these cases are clearly distinguishable and offer little support to Plaintiff's assertion that the hours expended by counsel are reasonable.

        1,      Vagueness

As an initial matter, the Commissioner argues the Court should "reduce Plaintiff's fee request because counsel submitted billing entries that were vague and inadequately explained." (Doc. 23 at 3- 4, citing Montanez v. Simon, 755 F.3d 547, 556 (7th Cir. 2014) ["The district court has broad discretion

to strike …vague or unjustified billing entries"]).

The Court has reviewed the "Itemizations of Services Rendered" by counsel and the paralegals, and finds the billing records are sufficiently specific as to the tasks completed. While several entries include blocks of time—where counsel and the paralegals fail to identify the duration of time spent on individual tasks and instead include more than one task in the entry—there is no vagueness as to the tasks completed. Accordingly, the Court declines to reduce the fee award for vagueness.

2. Excessive time

The Court's review of the "Itemization of Services Rendered" by Mr. Sackett revealed excessive time. Mr. Sackett indicates that on July 17, 2016, he spent 0.3 hours to review Plaintiff's amended application to proceed *in forma pauperis*. (Doc. 21-3 at 1) Plaintiff's application was a simple two-page form, primarily consisting of check-list questions that required a claimant to mark "yes" or "no," and provide brief explanations for certain responses. (*See* Doc. 4 at 1-2) At most, review of the document—which was prepared by the paralegal— should take five minutes, particularly for experienced counsel such as Mr. Sackett. Accordingly, the Court is unable to find the request for 0.3 hours for this task is reasonable, and the fee award will be reduced to 0.1 hours.

3. Hours not related to the matter before the Court

The itemization of time includes hours not related to the matter now before the Court or the preparation of the letter brief. Mr. Sackett indicates that he spent 5.0 hours to review, summarize, and annotate the administrative record regarding the "merit of commencing a civil action" on January 25, 2017. (Doc. 21-3 at 1) However, there is no indication that the "civil action" referred to is, in fact, the matter now before the Court. Rather, the complaint for judicial review of the ALJ's decision was filed on July 8, 2016[2], and Mr. Sackett began drafting the confidential letter brief to the Commissioner a week prior to this entry. (Doc. 1; Doc. 21-3 at 1) Consequently, this time does not appear related to the request for judicial review that had been previously filed, or the subsequent remand obtained, and should not be awarded. *Gauchat-Hargis v. Forest River, Inc.*, 2013 WL 4828594 at *4 (E.D. Cal. Sept. 6, 2013) ("Time spent on tasks that are not relevant to the case at issue should be eliminated…").

---

[2] Pursuant to Rule 11of the Federal Rules of Civil Procedure, Mr. Sackett was obligated determine the merits of the action prior to the filing of Plaintiff's complaint for judicial review on July 8, 2017.

5

### 4. Conclusion

In light of the excessive time spent on the review of Plaintiff's application to proceed *in forma pauperis* and the billing of time not related to the request for judicial review of the ALJ's decision, the Court reduces Mr. Sackett's time by 5.2 hours. This results a total of 12.2 hours[3] expended by Mr. Sackett on the litigation, which the Court finds reasonable for the limited tasks required in the action.

### B. Paralegal Time

Plaintiff asserts that paralegals expended 2.9 hours of work on the action for tasks including, but not limited to, the preparation of the complaint, teleconferences with Plaintiff, reviewing orders from the Court, and filing documents. (Doc. 21-3 at 2)

Significantly, the Supreme Court determined that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable. *See L.H. v. Schwarzenegger,* 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files appeared clerical, and declining to award fees where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"); *Em v. Astrue*, 2012 U.S. Dist. LEXIS 28011, at *12 (E.D. Cal. Mar. 2, 2012) (clerical tasks including mailing and filing "are not typically compensable under the EAJA"); Carter v. Astrue, 2009 U.S. Dist. LEXIS 1501 at *12-13 (E.D. Cal. Feb. 25, 2009) (finding time spent e-filing documents or converting pleadings was not compensable under the EAJA, given the "purely clerical or secretarial" nature of the tasks). Here, Plaintiff seeks fees for 1.2 hours for the filing of documents, mailing hard copies, and "[c]onversion of EAJA pleadings to PDF." (Doc. 23-1 at 2) Given the clerical nature of these tasks, the fee award for time expended by paralegals is reduced from 2.9 hours to 1.7 hours.

### C. Hourly rate

Plaintiff requests the hourly rate of $192.68 for attorney time and $106.00 for paralegal time in this action. (Doc. 21 at 5) Defendant does not object to these rates. (*See* Doc. 23 at 4) Notably, the hourly rate for Mr. Sackett represents the statutory maximum set by the Ninth Circuit in 2016, and the

---

[3] This includes 10.95 hours through the filing of the motion for EAJA fees, and 1.25 hours to review the Commissioner's opposition and prepare a reply brief. (*See* Doc. 24-1 at 2)

requested paralegal rate is within the range of accepted in the Eastern District of California. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited July 28, 2017); *see also Silvester v. Harris*, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 2014) ("The current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience"). Consequently, the Court finds the hourly rates requested are reasonable.

## IV. Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). However, as discussed above, the original request by Plaintiff was not reasonable. With the reduction set forth above, Plaintiff is entitled to fees for **13.9** hours of work, which includes 12.2 hours by Mr. Sackett and 1.2 hours by paralegals. The Court finds this time was reasonable in light of the tasks undertaken on behalf of Plaintiff. Thus, she is entitled to an award of totaling **$2,530.90**.[4] Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable to the plaintiff and not the attorney who worked on the matter. Accordingly, the Court **ORDERS**:

1. The request for fees is **GRANTED** in the modified amount of $2,530.90; and
2. This amount **SHALL** be paid to Plaintiff Marianne Clemons.

IT IS SO ORDERED.

Dated: __August 18, 2017__       /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[4] This amount includes $180.20 for the paralegals' time and $2,350.70 for Mr. Sackett's time.