# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE H. CLEMONS,<br><br>      Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>      Defendant. | Case No.: 1:16-cv-0981- JLT<br><br>ORDER VACATING THE HEARING DATE OF SEPTEMBER 27, 2018<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 26) |

    Harvey Sackett, counsel for Plaintiff Marianne Clemons, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 26) Neither Plaintiff nor the Commissioner of Social Security oppose the motion.

    The Court has reviewed the motion and supporting documents, and finds the matter suitable for decision without oral arguments. Accordingly, the matter is taken under submission pursuant to Local Rule 230(g) and the hearing date of September 27, 2018 is **VACATED**. For the reasons set forth below, the motion for attorney fees is **GRANTED**.

## I.    Relevant Background

    Plaintiff retained Harvey Sackett as counsel and executed the Social Security Administration's "Appointment of Representative" form on July 11, 2013. (Doc. 26-3) Mr. Sackett executed the "Acceptance of Appointment" on July 15, 2013, and indicated that he would be "[c]harging a fee and

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant in this action.

1

requesting direct payment of the fee from withheld past-due benefits." (*Id.*)

On December 5, 2014, an administrative law judge issued an unfavorable decision denying Plaintiff's application for benefits under Title II of the Social Security Act. (Doc. 12-3 at 12-18) The Appeals Council denied Plaintiff's request for review on May 5, 2016 (*id* at 2-4), at which time the decision of the ALJ became the final decision of the Commissioner of Social Security.

In July 2016, Plaintiff filed a complaint for judicial review of the administrative decision denying her Social Security benefits. (Doc. 1) On March 23, 2017, the parties stipulated that the matter should be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18) In addition, the parties stipulated that an ALJ would "issue a new decision," and that judgment should be entered in favor of Plaintiff. (*Id.* at 2) Pursuant to the terms of the stipulation, the Court entered judgment in favor of Plaintiff and remanded the action for further proceedings on March 24, 2017. (Doc. 19; Doc. 20)

On April 27, 2018, Plaintiff received a fully favorable decision from an administrative law judge. (*See* Doc. 26-1 at 1) The Commissioner determined Plaintiff was "entitled to monthly disability benefits from Social Security beginning August 2012," which totaled $102,960.00. (Doc. 26-2 at 3; Doc. 26 at 2) From this amount, the Commissioner withheld twenty-five percent for payment of Plaintiff's attorney fees, a total of $23,639.00. (Doc. 26-2 at 6)

Mr. Sackett now seeks "a gross fee of $13,639.00 and a net fee of $11,108.10 after reimbursement of EAJA fees for professional services provided before this court" pursuant to 42 U.S.C. § 406(b). (Doc. 26 at 2)

**II.     Attorney Fees under Section 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A fee agreement is

unenforceable if it provides that counsel will receive fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

### III. Discussion and Analysis

District courts "have been deferential to the terms" of fee contracts in Social Security cases where fees are sought under Section 406(b) cases. *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff entered into the contingent fee agreement in which she agreed to pay up to twenty-five percent of any awarded retroactive benefits. Specifically, Plaintiff reports: "Under the terms executed by Plaintiff and … counsel, having represented her at both the administrative and judicial levels of adjudication, Sackett is to be paid a total maximum of 25% of the past-due benefits being withheld for attorney's fees for work performed under § 406(a) and (b)." (Doc. 26 at 2) Mr. Sackett accepted the risk of loss in the representation and expended a total of 16.15 hours while representing Plaintiff before the District Court. (Doc. 26 at 9; Doc. 26-5 at 1) After Mr. Sackett prepared Plaintiff's confidential letter brief, the Commissioner agreed the matter should be remanded for further proceedings before an administrative law judge. Ultimately, his work resulted in a fully favorable decision that awarded Plaintiff benefits for disability. For this, Mr. Sackett requests a fee of $13,639.00. (Doc. 26 at 12) Because $2,530.90 was paid under the EAJA, the net cost to Plaintiff is $11,108.10. (*Id.*) Finally, although served with the motion (Doc. 26-7), Plaintiff did not file an opposition, which implies she beleives the fee request is reasonable.

There is no indication Mr. Sackett performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, he secured for the plaintiff a fully favorable decision following the remand for further proceedings, including an award

of past-due benefits. Accordingly, the Court finds the fees sought by Mr. Sackett are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

**IV. Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. The hearing set for September 27, 2018 is **VACATED**;
2. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $13,639.00 is **GRANTED**;
3. The Commissioner shall pay the amount directly to Counsel, Harvey Sackett; and
4. Counsel **SHALL** refund $2,530.90 to Plaintiff Marianne Clemons.

IT IS SO ORDERED.

Dated: **September 20, 2018** /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE